## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| EILEEN TUTHILL<br>7050 Broadway Avenue, Apt 310<br>Cleveland, Ohio 44105,<br><br>      Plaintiff,<br>v.<br><br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>c/o National Registered Agents, Inc.<br>145 Baker Street<br>Marion, Ohio 43302,<br><br>      Defendant. | )<br>) Case No: 1:12-cv-1986<br>)<br>) JURY DEMAND REQUESTED<br>)<br>)<br>) **CIVIL COMPLAINT**<br>) **(Unlawful Debt Collection Practices)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

PLAINTIFF Eileen Tuthill (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in City of Cleveland, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a Delaware corporation and a debt collector with an office in Norfolk, Virginia.

8. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. For a period of months prior to April 2012, Defendant, often 2-3 times daily and calling from telephone number 626-209-2244, has placed collection calls to Plaintiff seeking to collect on alleged consumer debt on an outstanding account balance.

11. Due to a stroke and a back injury, Plaintiff receives social security disability payments and other government assistance. Plaintiff has been disabled for a period of years. Plaintiff has informed Defendant that she is disabled and therefore unable to pay on the account. In February 2012, Plaintiff has specifically requested that Defendant cease

calling her because she cannot pay anything on the account due to her disability, yet Defendant continues to call her almost daily and sometimes multiple times in the same day seeking to collect on the alleged debt.  One Defendant collector even remarked that Plaintiff should have worked out her accounts and made arrangement to pay before she took ill and was disabled, and other collectors have tried to discuss Plaintiff's disability payments with her despite that Defendant knows such proceeds are exempt from collection.

12. Defendant knows that Plaintiff cannot pay on the account yet continues to call her frequently, demonstrating that Defendant places calls to Plaintiff with the intent of harassing or annoying her as opposed to attempting to reach her for a legitimate purpose.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

13. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d(5)* by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    b. Defendant violated *§1692f* by using any unfair or unconscionable means to collect or attempt to collect a debt.

    c. Defendant violated *§1692e(4)* by the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person, or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intend to take the action.

    d. Defendant violated *§1692e* by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

WHEREFORE, Plaintiff, Eileen Tuthill, respectfully requests judgment be entered against Defendant, for the following:

14. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

15. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

16. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Eileen Tuthill, requests a jury trial in this case.

Respectfully submitted,

**KAHN & ASSOCIATES, LLC**

*/s/ David W. Skall*

**DAVID W. SKALL (0068740)**
dskall@kahnandassociates.com
6200 Rockside Woods Blvd., Suite 215
Cleveland, Ohio 44131
216.621.6101 Telephone
216.621.6006 Facsimile

Attorney for Plaintiff